### CARPENTER *v.* CARPENTER.

1. HUSBAND AND WIFE—SEPARATION AGREEMENT—CONSTRUCTION.
   Under a separation agreement by which the wife agrees to accept certain described property and release all claim and right to any and all property, real and personal, then owned by or thereafter to be acquired by the husband, and to release him from any obligation to support her, property owned by the wife in her own right remained her own, and personal property and household chattels originally the husband's, or accumulated after the marriage by joint effort, and not mentioned in the agreement, remained the husband's.

2. CROPS—CONVEYANCE OF LAND—EFFECT.
   Where, pursuant to a separation agreement, a husband conveyed land to his wife without reservation of the crop growing theron, the title to the crop passed with the land.

3. EVIDENCE—PAROL EVIDENCE—VARYING WRITING—SEPARATION AGREEMENT.
   In trover by a wife against her husband for the value of property taken away by him subsequent to the execution of a separation agreement in writing, parol evidence is not admissible to show that the writing did not contain all of tho agreement.

4. TROVER AND CONVERSION—EVIDENCE—TITLE TO PROPERTY.
   It was competent for the attorney employed by the parties

mutually to draw the separation agreement to testify that the husband stated that the household goods belonged to the wife.

5. HUSBAND AND WIFE — SEPARATION — WIFE'S PROPERTY — REMOVAL BY HUSBAND.

Where, after the execution of a separation agreement settling their property rights, the husband took away property belonging to the wife, she was entitled to recover its market value, but she was not entitled to recover for property belonging to a third person.

6. SAME—STATUTES—APPLICATION.

Sections 8692 and 10322, subds. 7 and 9, 3 Comp. Laws, have no application to the rights of husband and wife under a separation agreement, and do not prevent a division of property between them or the sale or release by her to him of her interest in the property.

Error to Grand Traverse; Mayne, J. Submitted June 4, 1908. (Docket No. 33.) Decided September 10, 1908.

Trover by Perlie P. Carpenter against Ora A. Carpenter. There was judgment for plaintiff, and defendant brings error. Reversed.

*Underwood & Umlor* and *John W. Patchin*, for appellant.

*Parm C. Gilbert*, for appellee.

OSTRANDER, J. The parties are husband and wife, who, agreeing to thereafter live separate and apart from each other, undertook in December, 1905, to divide between themselves certain property. A written memorandum, signed by the wife, evidences the bargain which they made. Some personal property, which by the terms of this memorandum she was to receive, was not delivered to her and a cash payment of $25 was not made. There is testimony tending to prove that she owned in her own right personal property, and that her husband, the defendant, owned personal property in addition to that mentioned in the agreement. He gave her the home-

stead upon which their belongings were, and later he carried away property not mentioned in the memorandum which each claims to own. She sued in justice's court in an action of trover, recovering a small judgment. Defendant appealed, and in the circuit court plaintiff recovered a judgment of $61, which defendant asks to have reversed for errors in admitting testimony and in instructions to the jury. It is not claimed that the form of the action would permit a recovery by plaintiff of property which her husband was by agreement to deliver or to pay to her, but it was agreed in the justice's court, and later in the circuit court, that the differences of the parties should be determined, the form of the action notwithstanding. It is the theory of plaintiff's case that a mutually binding and legally enforceable contract exists. The terms of that contract are clear. With the exception of the $25 cash, and a few bushels of buckwheat and of potatoes, she has received what he agreed to give. She, on her part, agreed to accept the described property, and release all claim and right to any and all property, real or personal, then owned by, or thereafter to be acquired by, her husband, and to release him from any obligation to support her. This is the only reasonable interpretation of the writing. If she owned property in her own right, it still remained her own. Personal property owned by the husband not mentioned in the agreement remained his property. Household chattels originally the husband's, or accumulated after the marriage by joint effort, were not divided, and therefore remained the property of the husband. With the land, no reservation appearing in the deed which, pursuant to the agreement, was executed by the husband, passed the growing crops.

Testimony was admitted for plaintiff, over objection, which tended to vary the written agreement, to show that it was not all of the agreement. This was error. The testimony of the attorney employed by the parties mutually to prepare the agreement and deed, to the effect that the husband stated that the household goods or most of

them belonged to the wife, was competent. The court properly instructed the jury, after going over the items of property mentioned in the agreement, as follows:

"The claim is made by the plaintiff that some property was taken that was her own individual property. Now, as far as any of her own individual property was taken—if you find that any was taken, from the evidence in this case—she is entitled to recover its value, because it was her property, and under this contract she had not parted with the title to it, and her husband had obtained no title. What, if any, of her individual property was taken, he should pay for at its market value. Of the property enumerated in the pleading it is claimed that some of it belonged to Mr. Theron Carpenter, and other of it to a son of his. Now, whatever property you find belonging to Mr. Theron Carpenter or to his son, neither the plaintiff nor the defendant had any title to it, and the plaintiff cannot recover it or its value. You will not pay any attention to any property that belonged to Thereon Carpenter or to any other person. You will consider only the property of the defendant and the plaintiff."

He, also, after reading 3 Comp. Laws, §§ 8692, 10,322, subds. 7, 9, and after reference to certain decisions of this court, said to the jury:

"Under these statutes and these two decisions, I charge you that, without the consent of the wife, the husband could not take the household goods without the consent of the wife, and, when he did take them, it was wrong and an injury to her rights, and he must respond for the damages in this action."

We do not perceive how the statute provisions referred to apply here. The exemption of household property from sale or mortgage without the consent of the wife and the interest in such property which the marital relation and the statute creates do not prevent a division of property by the husband and wife or a sale or release of her interest by the wife to the husband.

The judgment is reversed, and a new trial granted.

GRANT, C. J., and BLAIR. MONTGOMERY, and HOOKER, JJ., concurred.